UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | Case No. 20-mj-100 (RMM) |
| v. | : | |
| | : | |
| **DOMINIQUE MAXEY,** | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF ADDITIONAL AUTHORITY**

The United States, by its undersigned counsel and pursuant to the Court's direction on June 1, 2020 in this case, hereby files this Notice of Additional Authority relating to the government's request for pretrial detention in this case. The government states as follows:

1. As the Court knows, the Complaint in this case charges the defendant with Bank Robbery in violation of 18 U.S.C. § 2113(a), in particular with the second paragraph of that section. The government contends that this is a "crime of violence" under 18 U.S.C § 3156(a)(4)(B) as it is an offense that is "a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

2. At the hearing on June 1, 2020, the Court and counsel initially focused on the definition of "crime of violence" in other statutes. *See, e. g., United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (interpreting phrase in context of 18 U.S.C. § 924(c)); *United States v. Dentler*, 492 F.3d 306 (5th Cir. 2007) (same). However, the Bail Reform Act's definition of "crime of violence" is much broader than the definition used in other statutes, and it encompasses the charged offense in this case.

3. As an initial matter, while the Supreme Court has found similar wording void for vagueness in other contexts, this definition in the Bail Reform Act should not be subject to the same challenges. *See United States v. Watkins*, 940 F.3d 152, 158-61 (2d. Cir. 2019). The Supreme Court has "invalidated only two kinds of criminal laws as "void for vagueness"---laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." *Id.* at 160 (quoting *Beckles v. United States*, 137 S.Ct. 886, 892 (2017)). As the Second Circuit found in *Watkins*, "because § 3142(f)(1) does not define criminal offenses, fix penalties, or implicate the dual concerns underlying the void-for-vagueness doctrine, it is not amenable to a due process challenge and is therefore not unconstitutionally vague." 940 F.3d at 161.

4. Second, the Court must view the offense under a "categorical approach" to determine if it meets the definition. *See, e. g., United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999). Clearly, bank robbery of this type naturally involves a "substantial risk that physical force" may be used "against the person or property of another." Indeed, it is difficult to think how one could enter a bank with intent of stealing money from it without using physical force against bank property or a person employed by the bank. *See United States v. Cimurenga*, 400, 404 (2d Cir. 1985) (holding that conspiracy to commit bank robbery is a crime of violence under the statute and noting that the legislative history gives burglary as an example of a crime that would fall under the definition). Indeed, the courts have repeatedly found that burglary is a "crime of violence" under similarly worded statutes. Indeed, the Supreme Court recently recognized that, "Congress, as we said in *Taylor*, viewed burglary as an inherently dangerous crime because burglary 'creates the possibility of a violent confrontation

between the offender and an occupant, caretaker, or some other person who comes to investigate.'" *United States v. Stitt*, 139 S. Ct. 399, 406 (2018) (citations omitted). Accordingly, for the foregoing reasons, the government maintains its request for detention in this matter.

          Respectfully submitted,

          MICHAEL SHERWIN
          Acting United States Attorney
          New York Bar No. 4444188

BY:     /s/ *Nihar Mohanty*
          NIHAR MOHANTY
          D.C. Bar No. 436-686
          Assistant United States Attorney
          United States Attorney's Office
          for the District of Columbia
          555 Fourth Street, N.W.
          Washington, DC 20530
          (202) 252-7700
          Nihar.Mohanty@usdoj.gov